### ROBERT H. GIBBONS agt. RICHARD HAMILTON.

The provisions of the act to create a *metropolitan sanitary district,* &c., passed February 26, 1866, making the expenses of doing certain work therein provided for, or thereafter to be ordered, &c., a several and joint personal charge against each of the lessees and occupants of buildings, and also a lien upon all rent and compensation due or to grow due for the use of any portion of such premises, does not authorize a tenant, without action, and upon notice merely, to pay his rent, due to the landlord, over to a contractor (who is an assignee of the board), for work done upon the premises, although such contractor has a lien, under the act, upon such rent, and has recovered a judgment therefor against a co-tenant of the premises.

By this act, a lien may be created for any work done or performed, &c.; but it is defective in not stating how the lien is to be enforced. Therefore, it can only be enforced by *bill in equity,* by which the interest of the parties who are owners or tenants could be divested.

The payment by the tenant of the rent due to the landlord to the contractor,

being an attornment to a stranger, is absolutely void by statute, and affords no defense in proceedings by the landlord to recover the rent.

A. D. RUSSELL, *City Judge.* This is a proceeding under the act entitled an act "Summary proceedings to recover possession of land in other cases" (3 *R. S.* 5 *ed. p.* 835), instituted by the landlord against the above tenant, for the recovery of ten dollars for one month's rent, payable in advance, from first September to first October, 1866, for certain premises therein described. The said tenant, on the return day of said summons, filed his counter affidavit, denying that any rent was due to said landlord, or that he holds over and continues in possession, &c., after default made in the payment of said rent, and says that he has fully paid the said rent so claimed by said landlord.

That under an in accordance with an act entitled "An act to create a Metropolitan Sanitary District," &c., passed February 26, 1866, and under section 14 of said act, the expenses of doing certain work therein provided for, or thereafter to be ordered, &c., is and was made a several and joint personal charge against each of the lessees and occupants of buildings, and also a lien upon all rent and compensation due or to grow due for the use of any portion of such premises ; and that, under said law and orders of said board, certain work was done in and upon the said premises, 240 Mulberry street, and that the same became by due process of law a lien upon the said rent due September 1st, 1866, and a personal charge against the said Robert H. Gibbons and Thomas F. Gibbons to an amount greater than said rent, and against the said tenant herein, and which said rent the said tenant has *by due process of law,* and under said act, been compelled to pay on account of the same. The said tenant defends this proceeding on the ground that after the work was done by order of the board of health, Keyser, who did it, under the direction of said board, sued one Hannah Hodges, one of the tenants of said premises, and recovered a judgment in the fourth judicial district court, and obtained a judgment against her for the work and labor, amounting

to $97.35, and costs. Subsequently Keyser served a notice on the occupants or tenants not to pay the rent to Gibbons, and induced the said tenant to pay him the rent towards satisfaction of the judgment against the said Hannah Hodges; and it is urged that he having attorned to Keyser in satisfaction of the said judgment, it was a payment to the landlord, who never consented to it.

The first division of section 14 of the act provides "that where any building shall, in the opinion of the board of health, be in a condition dangerous to life or health, an order shall be made requiring the nuisance to be abated within a time to be specified in the order, and shall cause the order to be served upon the owner, occupant or tenant thereof," &c., &c.

The second division declares "that all expenses attending the service of and execution of all orders of the board shall be a several and joint personal charge against each of the owners and part owners, lessees and occupants of the building claimed, and also against any person or body bound to perform the act, and the expenses shall be a lien on all rent and compensation due or to grow due for the use of any room, building, matter or thing to which the order relates. The assignees of the board, or the party who, under its order, or that of the board of police, acting thereunder, incurred said expense, or has rendered service, for which payment is due, and as the rules of said board of health may provide, may institute and maintain a suit against any one herein declared liable for expenses as aforesaid, or against any person, firm or corporation owing or who may owe such rent or compensation, and may recover the expenses so incurred under any order aforesaid, and only one or more of such parties liable or interested may be made parties to such action, as the board may elect; but the parties made responsible, as aforesaid, for such expenses, shall be liable to contribute or to make payment as between themselves, in respect of such expenses, and of any sum recovered for such expenses or compensation, or by any

party paid on account thereof, according to the legal or equitable obligation existing between them."

The assignee of the board should have instituted his action against Gibbons, the landlord, or joined him with Mrs. Hodges, and obtained an injunction restraining him from collecting said rents, and the tenants from paying, and obtained from the court an order directing the rents to be paid to satisfy said judgment; or if, as the case now stands, Mrs. Hodges had paid the judgment, she could file her complaint and force her co-tenants to contribute their pro rata proportions of said rent due or to grow due. But as the case is now presented, Keyser can only look to Mrs. Hodges' responsibility to collect the amount of said judgment.

The act of "metropolitan board of health" does not confer on its assignees the authority of a receiver of the rents of the building, or permit him to collect the rents to grow due, on which the work has been done, due to parties whom he never sued, and who who were not parties to the suit, as they could not constitutionally deprive a party of his property without due process of law. By the act, a lien may be created for any work done or performed, &c.; but it is defective in not stating how the lien is to be enforced. Therefore, it could only be enforced by bill in equity, by which the interest of the parties who are owners or tenants could be divested.

The payment by the said tenant of the rent due to the said landlord to Keyser, being an attornment to a stranger, is absolutely void by statute. It was without authority, as the assignee of the said board of health had no judgment claim against Gibbons, or Hamilton, the tenant. The payment, therefore, of said rent to Keyser, affords no defense to Hamilton in this proceeding. Judgment is, therefore, rendered in favor of said landlord.